

FILED

2007 MAY 30  PM 3:49

CLERK US DIS...........
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

COREY BARNES,

                       Petitioner,

   v.

J.F. SALAZAR, Warden,

                       Respondent.

CASE NO. 05-CV-2258 W (JMA)

**ORDER DENYING
CERTIFICATE OF
APPEALABILITY**

     On April 25, 2007, Petitioner Corey Barnes attempted to appeal this court's denial of habeas-corpus relief.  Under United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997), this court must grant or deny a certificate of appealability (COA).  In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted.  Id. at 1270.  The court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court has  explained this requirement as follows:

> Where a district court has rejected the constitutional claims on the merits,
> the showing required to satisfy section 2253 (c) is straightforward: *The
> petitioner must demonstrate that reasonable jurists would find the district court's*

-1-

1   *assessment of the constitutional claims debatable or wrong* ... When the district
2   court denies a habeas petition on procedural grounds without reaching the
3   petitioner's underlying constitutional claim, a COA should issue when the
4   prisoner shows, at least, that jurists of reason would find it debatable
    whether the petition states a valid claim of the denial of a constitutional
5   right and that jurists of reason would find it debatable whether the district
    court was correct in its procedural ruling.

6   Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis supplied).

7       The court will **DENY** the COA for two principal reasons. First, Barnes failed to
8   tender any objections to Magistrate Judge Adler's Report & Recommendation. Thus,
9   Barnes effectively waived any arguments he might raise on appeal, rendering the appeal
10  futile. Moreover, in the absence of objections, the district court may adopt a Report &
11  Recommendation without a de novo review. See Schmidt v. Johnstone, 263 F. Supp.
12  2d 1219, 1226 (D. Ariz. 2003) (concluding that the district court had no obligation to
13  review a report); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.
14  2003) (*en banc*) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district
15  judge must review the magistrate judge's findings and recommendations de novo *if*
16  *objection is made*, but not otherwise"). Barnes cannot now circumvent the objections
17  period by appealing this court's adoption of the Report & Recommendation.

18      Second, even if Barnes had objected, he has not met the standard to show that
19  a certificate of appeal should issue. Reasonable jurists would not debate the merits of
20  Judge Adler's Report & Recommendation. Barnes argued that a prison denied him due
21  process by reducing good-time credits after finding manufactured alcohol in his cell.
22  Judge Adler properly concluded that Barnes received twenty-four hours' notice of his
23  violation, a written statement setting forth his offenses, and an opportunity to call
24  witnesses—"minimum procedures" to ensure no arbitrary reductions in good-time
25  credits. Further, testimony by various prison officials provided "some evidence" to
26  support the reduction. No jurist of reason could deny that Judge Adler properly applied
27  the facts (themselves not sympathetic to Barnes) to the law (under a standard rather
28  deferential to the established procedure for reducing good-time credits).

05cv2258

1    Because the prison complied with California law regarding inmate-manufactured

2  alcohol, and that law comported with the Due Process Clause, Barnes has not made a

3  "substantial showing" of the denial of a constitutional right.  Consequently, the court

4  **DENIES** the certificate of appealability.

5

6    **IT IS SO ORDERED.**

7  Dated: May 29, 2007

8                                          Hon. THOMAS J. WHELAN
                                           United States District Court
9                                          Southern District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-